█   STUART E. ROBINSON, Respondent, v. KENNETH S. CEPPOS et al., Appellants.— In a proceeding to confirm an arbitration award, the appeal is from a judgment of the Supreme Court, Queens County, entered November 20, 1972, which, upon confirmation of the award, is in favor of petitioner against appellants in a stated amount of money. Judgment reversed insofar as it is against appellants Kenneth S. Ceppos, Robert Ceppos and Daniel Ceppos, on the law, without costs, and application denied as to said appellants; and judgment affirmed insofar as it is against appellant Kenbert Lighting Industries, Inc., without costs. Insofar as the arbitrator's award provided for its payment by the individual appellants, the arbitrator acted with respect to a matter not submitted to him (CPLR 7511, subd. [c], par. 2). Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.

█   U. S. POLYCHEMICAL CORPORATION, Respondent, v. WES-TRON CHEMICAL CORP. et al., Appellants.— In an action for injunctive relief, an accounting and money damages, defendants appeal from so much of an order of the Supreme Court, Rockland County, dated October 28, 1971, as to a limited extent granted plaintiff's motion for a preliminary injunction and denied defendants' cross motion for summary judgment as to four causes of action in the complaint. Order affirmed insofar as appealed from, with $20 costs and disbursements. No opinion. The case should be brought to trial immediately and plaintiff is directed forthwith to serve and file a note of issue and pay the filing fee in connection therewith. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.

## (April 18, 1973)

█   JULES J. L. HESSEN, Respondent-Appellant, v. PENELOPE HESSEN, Appellant-Respondent.— Motion by appellant-respondent to amend decision [40 A D 2d 842] and order of this court both dated November 13, 1972 so as to direct that the alimony in the increased amount ($400 per week) be paid as of June 1, 1972, the date fixed in the judgment for the commencement of the alimony payments. Motion denied as unnecessary. The modification by this court of the amount required to be paid by the judgment of the Supreme Court, Nassau County, entered June 28, 1972, means that the increased amount must be paid from the date specified in said judgment, the theory being that this court did what the Special Term should have done. Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.